UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAY ROBISON AND HELEN ROBISON,

    Plaintiffs,
vs.                    State Court Case No. : 2023-CA-016505-O
                         Federal Court Case No.:_____

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW, the Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, files this Notice of Removal ("Notice") of this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, and in support of removal states:

**INTRODUCTION**

1.    The Plaintiffs, Ray Robison and Helen Robison, served this action on Liberty Mutual on November 7, 2023 in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.  The Plaintiffs allege that Liberty Mutual failed to stablish that it had reasonable proof that it was not responsible for payment of Plaintiffs' damages and/or loss, and has failed to pay the

1

requested amount for repairs and/or replacement, plus applicable interest, pursuant to the policy of insurance and has breached the contract. *See* Plaintiffs' Complaint, ¶ 12, a copy of which is contained within the State Court file attached as Exhibit "1."

2. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441. This action could have been filed in this Court pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28. U.S.C. § 1332.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, copies of all process, pleadings, orders and other papers or exhibits filed in the state court are attached as Exhibit "1."

## DIVERSITY OF CITIZENSHIP EXISTS

4. The Plaintiffs, Ray and Helen Robison, are now and were at the time of the filing of the Complaint, citizens of the State of Florida. *See* Plaintiffs' Complaint, ¶ 2. *See also* Orange County Property Appraiser records indicating Plaintiffs' homestead status, attached as Exhibit "2."

5. Liberty Mutual is now and was at the time of the filing of the Complaint a Wisconsin corporation, with its principal place of business in

Boston, Massachusetts. Thus, Liberty Mutual is a citizen of Wisconsin and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

6. Plaintiffs' Complaint states "[t]his is an action for an amount greater than $50,000.00 (FIFTY THOUSAND DOLLARS), exclusive of attorney fees, costs, and interest. *See* Plaintiffs' Complaint, ¶ 1.

7. The Complaint does not allege a specific amount of damages other than the jurisdictional threshold referenced above.

8. Prior to being served with the subject lawsuit, Liberty Mutual received a Notice of Intent to Initiate Litigation for the subject claim, which lists a Presuit Settlement Demand in the amount of $98,124.00, and damages in the amount of $82,624.00. A copy of the Notice of Intent to Initiate Litigation is attached as Exhibit "3."

9. Attached to the Notice of Intent to Initiate Litigation is an estimate prepared by Harrell Adjusting Services for the damages the Plaintiffs seek to recover. The estimate totals $85,997.82. *See* Exhibit "3."

10. Liberty Mutual extended partial coverage on this claim and prepared an estimate to repair or replace the covered damages in the amount of $3,373.51. A copy of Liberty Mutual's estimate is attached as Exhibit "4."

11. Therefore, the net amount in controversy in this matter exceeds this Court's jurisdictional threshold of $75,000.00. *See* 28 U.S.C. § 1332(a).

## REMOVAL IS OTHERWISE PROPER

12. Liberty Mutual was served with Plaintiffs' Complaint on November 7, 2023.

13. 28 U.S.C. § 1446(b)(1) states "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

14. This Notice has been filed within 30 days of service and therefore is timely pursuant to 28 U.S.C. § 1446(b)(1), 28 U.S.C. § 1446(b)(3), and 28 U.S.C. § 1446(c)(1).

15. Venue exists in the Middle District of Florida, Orlando Division, because the Circuit Court of the Ninth Judicial Circuit in and for Orange County is located within this District and Division.

16. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs' Counsel, and a copy will be promptly filed with

the Clerk of the Circuit Court for Orange County, Florida, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as Exhibit "5."

WHEREFORE, the Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Circuit Court of Orange County, Florida to this Court.

>Respectfully submitted,
>
>*/s/ Kathryn A. Keller, Esquire*
>KATHRYN A. KELLER, ESQUIRE
>Fla. Bar No. 0123857
>kkeller@tlsslaw.com
>**Trial Counsel**
>Traub Lieberman Straus & Shrewsberry, LLP
>55 First Street South
>St. Petersburg, Florida 33701
>(727) 898-8100 - Telephone
>(727) 895-4838 - Facsimile
>Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to Edgar Kelly, Esquire with Kelly Law Office at 2307 Douglas Road, Suite 202, Miami, FL 33145 at ekelly@kellylawfl.com; ***this 27th day of November, 2023.***

>*/s/ Kathryn A. Keller, Esquire*
>KATHRYN A. KELLER, ESQUIRE
>Fla. Bar No. 0123857